FIRST AFRICAN METHODIST EPISCOPAL SOCIETY IN THE CITY OF BOSTON & others, trustees, *vs.* WILLIAM WORTHY & others.

Suffolk.  November 11, 1918. — March 1, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Religious Society.   Equity Pleading and Practice,* Findings of judge, Demurrer, Answer, Waiver of objection of remedy at law.

In a suit in equity by a religious society and by nine persons alleged to have been elected the trustees of the society against other persons who were the trustees of the society before the alleged election, the findings of fact by the trial judge were founded on evidence which was reported by a commissioner.  The judge found that the meeting at which the individual plaintiffs were elected trustees was the regular annual meeting of the society, properly called and held, and that at this meeting the by-laws were amended in a regular manner, by providing that, instead of three of the nine trustees being elected in each of three successive years, all nine should be elected annually, and that after the adoption of this amendment the individual plaintiffs were elected trustees lawfully.  *Held,* that on the evidence reported the findings of the trial judge were not plainly wrong and could not be disturbed, and that the plaintiffs were entitled to a decree enjoining the defendants from interfering with the individual plaintiffs in the performance of their duties as the trustees of the society.

Where no demurrer to a bill in equity is filed, the objection that the bill does not state a case for equitable relief because the plaintiffs have an adequate remedy at law can be taken advantage of only by raising it specially in the answer, and a general averment in the answer that "the said plaintiffs, or either or any of them, are not entitled to any relief in equity as prayed for and that the said bill should be dismissed with costs to the defendants" does not entitle the defendants to raise the objection that the plaintiffs have an adequate remedy at law.  Moreover, in the present case the trial judge stated that the defendants before him did not question the rights of the plaintiffs to equitable relief if the allegations of the bill had been established.

Whether the defendants in a suit in equity shall be ordered to file specifications of the grounds on which they rely under their answer, is within the discretionary power of the trial judge.

BILL IN EQUITY, filed on April 24, 1917, by the First African Methodist Episcopal Society in the City of Boston, and by nine individual plaintiffs alleged to have been elected the trustees of that society at its annual meeting held on April 13, 1917, against certain former trustees of that society, concluding with the following prayers:

"1. That a temporary and a perpetual injunction issue restraining the defendants and all persons acting for or in association with them from interfering with the due and orderly conduct of services, proceedings and business of the plaintiff corporation and the exercise of the duties of trustees of said society by the plaintiff trustees, and from pretending or asserting the right to hold said office of trustees.

"2. That the court declare the individual plaintiffs to be rightfully in office as trustees of said society and empowered to perform the duties of said office.

"3. For such other and further remedy as the court shall deem meet."

The defendants' answer, after setting forth various matters of defence, concluded as follows:

"The defendants submit:

"That the said plaintiffs, or either or any of them, are not entitled to any relief in equity as prayed for and that the said bill should be dismissed with costs to the defendants."

In the Superior Court the case was heard by *Jenney,* J., the evidence being reported by a commissioner appointed under Equity Rule 35. The judge made the findings that are stated in the opinion. By his order the following final decree was entered:

"1. That the individual plaintiffs are the legal trustees of the plaintiff corporation, rightfully in office by virtue of their election at the annual meeting of the plaintiff corporation, held April 13, 1917.

"2. That the defendants, and each of them, be and hereby are enjoined from interfering, under any claim to the office of trustee, with the services, proceedings, and business of the plaintiff corporation, or with the exercise by the individual plaintiffs of the

powers and duties of trustees of said corporation, and from pretending to said office of trustees; all under any election or other proceedings of the plaintiff corporation heretofore held.

"3. And it is further ordered, adjudged and decreed that the defendants pay to the plaintiffs thirty-four and eighty-four hundredths dollars, costs of court, and that execution issue against said defendants and in favor of the plaintiffs for said amount."

The defendants appealed.

*C. G. Morgan,* (*C. J. Wright* with him,) for the defendants.

*J. E. Macy,* for the plaintiffs.

BRALEY, J.   The primary question is whether the individual plaintiffs or the defendants are the duly elected trustees of the plaintiff corporation.   While the evidence was taken by a commissioner, a perusal of the record fails to show that the findings of fact of the trial judge are plainly wrong, and consequently his conclusions will not be overset.

It appears that the society incorporated by St. 1839, c. 4, was expressly made subject to the Rev. Sts. c. 20, relating to parishes and the support of public worship, the substantial provisions of which by codification and re-enactment are found in R. L. c. 36. The original organization of the society and its continuance as a body corporate until the present controversy are not in dispute, and it is conceded that the trustees are charged with the management and control of the temporal affairs of the church except as otherwise provided in the church discipline.   By Rev. Sts. c. 20, § 8, Gen. Sts. c. 30, § 14, Pub. Sts. c. 38, § 13, St. 1887, c. 404, § 4, R. L. c. 36, § 13, which have been in force during its corporate life, the church could prescribe by its by-laws the manner in which officers and agents should be elected by whom the purposes of its incorporation were to be accomplished; and the by-law under which the defendants were lawfully elected provided that the officers of the society should consist of nine trustees, three of whom shall be elected by ballot for one year, three for two years, and three for three years at the first election held under these by-laws, and three shall be elected at the annual meeting thereafter, and that the annual meeting of the society shall be held on the second Friday of April of each year or within fifteen days thereafter.   The by-law is in accordance with R. L. c. 36, § 7, that every incorporated religious society shall hold an annual meeting

in March or April or at such other times as it may prescribe by its by-laws, and if the by-laws do not otherwise prescribe, at a time and place appointed by its president or standing committee. The fourth and fifth by-laws also declare that the duties of the trustees and officers, as well as the government of the society shall be in accordance with the discipline of the African Methodist Episcopal Church, with which the plaintiff corporation is affiliated. The discipline provides for a quarterly conference which shall hold quarterly meetings during the year, and among other powers and duties the quarterly conference has a "right to review the doings of the trustees in full, and while it cannot remove them it can impeach them and thus disqualify them and require the membership with the pastor to meet and supply their places." The defendants as well as the plaintiffs by reason of their church membership were subject to the by-laws and to the discipline. *Shinsky* v. *Tracey,* 226 Mass. 21, 22.

The judge has found that on September 5, 1916, the quarterly conference duly "impeached from their office" the trustees of the church among whom were the defendants, but no further action appears to have been taken. But notwithstanding their impeachment and the protest of many members of the church, the defendants and their associates persisted in acting as trustees, and this condition of friction and dissension continued until the annual meeting of April 13, 1917. The title of the plaintiffs to their office depends upon the validity of this meeting, at which an amendment to the by-laws was adopted that the board of nine trustees should be elected annually instead of three in each year. The defendants contend, that because they and their associates had been impeached there were no trustees and no clerk in office, and that the annual meeting for the year of 1917 could be called only by a justice of the peace acting under R. L. c. 36, § 11. *Ladd* v. *Clements,* 4 Cush. 476. But this section is inapplicable, as § 13 declares that meetings shall be warned in the manner provided by the by-laws or vote of the society. The by-laws while fixing the time for the annual meeting do not specify how it shall be called, and the judge finds that it was held on the appointed day. The by-laws, however, as we have said, incorporate the discipline by which the pastor or minister in charge of the church shall fix the time and place for the election of the trustees, and notify all

meetings. The pastor accordingly gave notice in writing of the annual meeting to be held in the vestry of the church at the time named in the by-laws at which reports were to be read, and trustees and auditors were to be elected, and this notice, not only was read from the pulpit each Sunday, but was posted in the church for three months before the meeting was held. We are of opinion that, having been held on the required date and after due notice and in accordance with the immemorial usage of the church as shown by the record, the meeting of April 13 was the regular annual meeting of the church for the year of 1917. The board of trustees by Article III, § 1 of the by-laws consisted of nine trustees, three of whom after the first election were to be elected at every annual meeting thereafter.

It was at this meeting that the proposed amendment to the by-laws was submitted. The defendants contend that it was not properly before the meeting and therefore never became operative. The seventh article of the by-laws requires that a written notice of the proposed amendment shall be filed with the clerk of the trustees three months before the meeting " at which it is to be acted upon." And the clerk shall notify all members of the society of the proposed amendment by posting it in a conspicuous place in the church building and by reading it at least once a month at the Sunday services of the church. The amendment in question having been in writing, duly filed with the clerk, and properly posted in the church building, and read at the service once a month between December 26, 1916, and April 13, 1917, was properly before the meeting, and, having been adopted by a majority, nine trustees were thereupon to be elected annually.

The amendment being in force, the individual plaintiffs, nine in number, who were then lawfully elected trustees, are entitled to exercise the functions of their office in the government of the church under the discipline. The judge also finds that the defendants, Augustine, Hoxter, and Tucker resigned as trustees, and their resignations were accepted at this meeting, in the proceedings of which they as well as the defendant Worthy actively participated without making any objection to its regularity. But, despite their resignation and the election of the plaintiffs, they in connection with Worthy who did not resign are found to have continually interfered with the meetings of the church, and created disorder

therein which "if continued will be a menace to its business and spiritual welfare."

No demurrer was filed to the bill and the objection, that the bill does not state a case for equitable relief could be taken advantage of only by specially raising it in the answer, the averment of which that, "the said plaintiffs, or either or any of them, are not entitled to any relief in equity as prayed for and that the said bill should be dismissed with costs to the defendants" is insufficient. The judge moreover states that the defendants before him did not question the right of the plaintiffs to equitable relief if the allegations of the bill had been established.

The order directing the defendants to file specifications of the grounds on which they relied under the answer was discretionary with the trial judge.

Finding no error of law in the refusal of the defendants' requests in so far as they were not given, the decree granting the relief prayed for should be affirmed with costs of the appeal. *Saltman* v. *Nesson*, 201 Mass. 534, 539, 540. *Granara* v. *Italian Catholic Cemetery Association*, 218 Mass. 387. *Edgett* v. *Palmer*, 225 Mass. 377, 379.

*So ordered.*