ANDREW O'CONNOR & others *vs.* CITY OF BROCKTON.

Plymouth. November 7, 1940. — January 3, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*School and School Committee. Municipal Corporations*, Municipal finance. *Equity Pleading and Practice*, Bill, Appeal.

A ground for maintenance of a petition in equity against a city by ten taxable inhabitants under § 34 of G. L. (Ter. Ed.) c. 71 as amended by St. 1939, c. 294, was adequately set forth in an averment, in substantially the language of the statute, that the amount of money appropriated by the city for the support of its public schools in the then current year was insufficient for support of the schools as required by said amended c. 71; a demurrer for want of equity and lack of detailed statements should have been overruled.

That a petition in equity under § 34 of G. L. (Ter. Ed.) c. 71 as amended by St. 1939, c. 294, besides setting forth in a paraphrase of the words of the statute an averment in general terms which gave the court jurisdiction, also contained statements that the school committee desired funds, which it was averred were improperly not appropriated, for increasing salaries of janitors, did not warrant the sustaining of a demurrer to the petition as a whole, grounded on a contention that the statute did not refer to janitors.

No appeal lies from an "order" sustaining a demurrer in equity.

PETITION, filed in the Superior Court on April 3, 1940.

An order sustaining a demurrer to the petition was made by *Forte*, J., and thereafter an interlocutory decree sustaining

the demurrer and a final decree dismissing the petition were entered by order of *Sheehan,* J.   The petitioners claimed appeals "from the order" and from the decrees.

*L. E. Crowley,* for the petitioners.

*W. H. Gilday,* City Solicitor, for the respondent.

Qua, J.   This petition is brought under G. L. (Ter. Ed.) c. 71, § 34, as amended by St. 1939, c. 294.

The amended section reads in part as follows: "Every city and town shall annually provide an amount of money sufficient for the support of the public schools as required by this chapter.   Upon petition to the superior court, sitting in equity, against a city or town, brought by ten or more taxable inhabitants thereof, or by the mayor of a city, or by the attorney general, alleging that the amount necessary in such city or town for the support of public schools as aforesaid has not been included in the annual budget appropriations for said year, said court may determine the amount of the deficiency, if any, and may order such city and all its officers whose action is necessary to carry out such order, or such town and its treasurer, selectmen and assessors, to provide a sum of money equal to such deficiency, together with a sum equal to twenty-five per cent thereof."   Then follow provisions for obtaining the money by taxation or borrowing, and the section closes with this sentence: "Said court may order that the sum equal to the deficiency be appropriated and added to the amounts previously appropriated for the school purposes of such city or town in the year in which such deficiency occurs and may order that the amount in excess of the deficiency be held by such city or town as a separate account, to be applied to meet the appropriation for school purposes in the following year."

The allegations of the petition, omitting statements of law, are in substance these: The petitioners are ten taxable inhabitants of Brockton.   That city has adopted a "Plan B" charter [see G. L. (Ter. Ed.) c. 43, §§ 56–63].   Prior to the submission by the mayor to the city council of the annual budget for 1940 the school committee requested the mayor to include therein an additional sum of $4,000 necessary to pay an increase which had been voted by the school

committee in the salaries of school janitors. The mayor refused to include this additional amount in the budget submitted, and the budget was passed by the council and approved by the mayor without including this additional sum. The school committee has requested of the mayor a supplementary appropriation to pay the salary increase, but he has refused to present any such supplementary appropriation to the city council. "That the amount of money appropriated by said city of Brockton for the support of the public schools of said city in the year 1940 is insufficient for the support of said public schools as required by chapter 71 of the General Laws." The prayers are in accordance with the amended § 34.

The grounds of demurrer are stated in various forms. In substance they are (1) want of equity, (2) that the petition contains no detailed facts or figures showing that the total amount appropriated for the schools in 1940 is insufficient, (3) multifariousness, and (4) that the amended § 34 "refers solely to public education as defined by c. 71, §§ 1 to 19 inclusive, and does not in terms or by implication refer to school janitors or other persons employed by the city of Brockton in connection with the up-keep or maintenance of school buildings."

We think that the petition is sufficient under the terms of the statute.

No discussion is needed to demonstrate that the petition is not multifarious.

The demurrer is directed to the petition as a whole and not to any particular part of it. The demurrer on the remaining grounds herein stated should therefore have been overruled, if any cause of action under the statute is adequately set forth in any part of the petition. *Carleton & Hovey Co.* v. *Burns,* 285 Mass. 479, 484. *Shea* v. *Shea,* 296 Mass. 143, 147. *Bleck* v. *East Boston Co.* 302 Mass. 127, 129. The last sentence of the petition hereinbefore quoted does set forth a cause of action in words which in substance are a paraphrase of that which the statute itself requires to be alleged in the petition. A statutory cause of action may commonly be pleaded in the words of the statute

creating it. *Commonwealth* v. *Ballou*, 283 Mass. 304, 312. *Quinn* v. *Mathiassen*, 4 Cal. (2d) 329, 332. *Rochester Railway* v. *Robinson*, 133 N. Y. 242, 244, 245. And here the statute prescribes what shall be alleged. Further detail in the petition is unnecessary. If justice requires particulars, they may be ordered. *Skolnick* v. *Greenburg*, 230 Mass. 359, 361. *First African Methodist Episcopal Society in Boston* v. *Worthy*, 232 Mass. 331, 336. The fact that the petition contains other allegations does not detract from the cause of action stated in the last sentence.

As to the objection that the amended § 34 does not "refer to school janitors," we may add that whatever that section does or does not refer to, a cause of action has been stated in accordance with the terms of the section in the last sentence of the petition. On the power of school committees to employ janitors see G. L. (Ter. Ed.) c. 71, § 68; c. 43, § 32. See also *Callahan* v. *Woburn*, 306 Mass. 265, 278.

We are not unaware that at the hearing on the merits of this case serious questions may arise as to whether, under circumstances that may be shown, the fixing of the salaries of school janitors by a school committee in excess of available appropriations (if that should turn out to be the cause of the "deficiency" here claimed) has the same effect as similar action in the case of school teachers and superintendents under the decisions in *Leonard* v. *School Committee of Springfield*, 241 Mass. 325, *Decatur* v. *Auditor of Peabody*, 251 Mass. 82, *School Committee of Lowell* v. *Mayor of Lowell*, 265 Mass. 353, and *Callahan* v. *Woburn*, 306 Mass. 265, and possibly also as to how far the regulation of school appropriations has become a judicial function under the amended § 34. See *Opinion of the Justices*, 251 Mass. 569, 615; *Selectmen of Milton* v. *Justice of the District Court of East Norfolk*, 286 Mass. 1, 4; *Whalen* v. *First District Court of Eastern Middlesex*, 295 Mass. 305, 308; *Opinion of the Justices*, 302 Mass. 605, 612, 613. Some of these questions have been argued and some have not been touched upon. At any rate, we are far from convinced that the section cannot be so construed as to present a proper question for judicial decision, and attributing to the

demurrer only the proper effect due to its office, we cannot say that the petition does not set forth on paper a cause of action under the section. The demurrer should have been overruled.

The appeal from the "order . . . sustaining the demurrer" is dismissed. *Graustein v. Dolan,* 282 Mass. 579, 583. The interlocutory decree sustaining the demurrer and the final decree dismissing the petition are reversed, and an interlocutory decree is to be entered overruling the demurrer.

*Ordered accordingly.*