CHARLES G. FIELDS & another *vs.* FOTIS OTHON.

Plymouth. January 4, 1943. — January 27, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & COX, JJ.

*Execution,* Sale, Redemption from sale. *Equity Jurisdiction,* Retention of suit for other relief. *Real Property,* Execution, Cloud on title. *Equity Pleading and Practice,* Appeal.

A sale and sheriff's deed, based on a levy on execution on real estate which had followed a dissolution of a general attachment thereof by the giving of a bond and which recited a seizure of all the right, title and interest the owner had on the date of the attachment, gave to the purchaser a valid title to such right, title and interest as the owner had on the date of the levy.

A valid title to real estate acquired through an execution sale thereof upon a levy made after a judgment against the defendant did not constitute a cloud on the title of the defendant although an attachment of the real estate had been dissolved by a bond and, after the levy and sale, full payment of all amounts due the plaintiff before the levy had been made by satisfaction of an execution in an action against a surety upon the bond.

The Land Court, in a suit in equity to remove an alleged cloud on the title to certain real estate due to a sale of the real estate to the respondent after a levy on an execution, had jurisdiction, in order to do complete justice, upon it appearing that the respondent's title was valid and not a cloud upon the petitioner's title, to enter a decree permitting the petitioner to redeem from the sale.

No appeal lies from findings of fact and rulings of law in a suit in equity in the Land Court.

PETITION, filed in the Land Court on June 24, 1941, and afterwards amended.

The suit was heard by *Courtney,* J. He ruled "that the sheriff's deed to Fotis Othon based upon the levy made on April 26, 1940, was a valid conveyance of all the right, title and interest which Calliope G. Fields and Charles G. Fields

had on that date, and that title to the said premises vested in Fotis Othon under the sheriff's deed. It therefore follows that, the plaintiff having no title upon which a bill to remove a cloud may be maintained, the bill is dismissed . . . that the plaintiffs may redeem the premises described in the sheriff's deed to the defendant by payment of" certain sums "in accordance with a stipulation filed . . . by counsel for the parties." A final decree was entered ordering "that the petitioners' prayer for relief to remove cloud on title to real estate is dismissed," and that the petitioners might redeem the property upon payment of specified sums.

*W. G. Cogan,* for the respondent.

*W. I. Morse,* for the petitioners.

LUMMUS, J. The petitioners, Charles G. Fields and Calliope G. Fields, husband and wife, bring this suit against the purchaser of their real estate at execution sale, to remove the cloud on their title resulting from that sale, and in the alternative to redeem from it. The bill alleges the following facts. Each of the petitioners owned a parcel of land in Brockton. Calliope G. Fields mortgaged her parcel to one Paraskis to secure her promissory note for $3,500, which was indorsed by her husband, Charles G. Fields. Paraskis brought an action on the note against both petitioners, and attached their real estate by general attachment on August 4, 1939. The petitioners dissolved the attachment by giving bond with sureties on October 23, 1939. Paraskis recovered judgment on April 8, 1940, for nearly $5,000. On April 26, 1940, Paraskis caused his execution to be levied upon both parcels, and on November 9, 1940, a deed thereof was given by the sheriff to the respondent Fotis Othon which purported to follow an execution sale to him at public auction. The bill alleges that in fact there was no execution sale at public auction and Othon paid nothing for the deed.

In the meantime, on May 28, 1940, Paraskis brought an action on the judgment against a surety on the bond to dissolve the attachment, and recovered judgment for more than $5,000 on September 24, 1940. On November 20, 1940, the execution was returned into court, satisfied in

full. The petitioners contend that this satisfied all obligation under the mortgage note and the judgment recovered by Paraskis thereon.

The findings of the judge support the allegations of the bill, except that the judge found that the respondent Othon bought the property on execution sale for $500. It is recited that it was agreed in open court by counsel that there was but one question in the case, namely, Did the levy made on April 26, 1940, which recites a seizure of all the right, title and interest which the petitioners had on August 4, 1939, the date of the attachment, and the subsequent sheriff's sale and deed, give a valid title to the respondent, said attachment having been dissolved by bond filed October 23, 1939?

The judge ruled that, notwithstanding the dissolution of the attachment, the execution sale and the deed thereunder gave the respondent a valid title, which could not be removed as a cloud upon the title of the petitioners. But he ruled that the petitioners were entitled to redeem upon the payment of $500 plus interest. Both parties appealed from the final decree which followed these rulings.

The dissolution of the attachment did not free the property from liability to be seized and sold on execution. *Dunbar* v. *Kelly*, 189 Mass. 390, 394. *Miller* v. *London*, 294 Mass. 300, 305. The sale on execution to the respondent was prior to the satisfaction of the judgment recovered against the surety on the bond. Whatever the effect of that judgment upon the right of Paraskis ultimately to retain the proceeds of the sale on execution, it did not affect the right of the respondent to hold the title obtained on execution sale until it should be redeemed. For this reason the refusal of the judge to treat the execution deed to the respondent as a cloud upon the petitioners' title was right.

The respondent contends that so much of the final decree as provides for redemption from the execution sale is beyond the jurisdiction of the court. It is true that the statute giving jurisdiction of a bill to redeem from an execution sale does not mention the Land Court. G. L. (Ter. Ed.) c. 236, § 39. The removal of a cloud from title is clearly within

the jurisdiction of that court, under G. L. (Ter. Ed.) c. 185, § 1 (k), as appearing in St. 1934, c. 67, § 1. We need not inquire whether that statute gave the Land Court jurisdiction of a bill to redeem from an execution sale. Assuming without deciding that it did not, the present bill stated a case for removal of a cloud from the petitioners' title. It is a principle of equity that it does justice completely and not by halves. When a bill has been brought in good faith to obtain relief within the jurisdiction of the court, the bill may be retained to do complete justice with reference to the subject matter, even though upon the facts the specific relief prayed for cannot be given, and a bill would not lie for the sole purpose of obtaining the specific relief that is given. *Reynolds* v. *Grow,* 265 Mass. 578, 580. *Booras* v. *Logan,* 266 Mass. 172, 175. *Degnan* v. *Maryland Casualty Co.* 271 Mass. 427, 430, 431. *Peerless Unit Ventilation Co. Inc.* v. *D'Amore Construction Co.* 283 Mass. 121, 125, 126. *Geguzis* v. *Brockton Standard Shoe Co.* 291 Mass. 368, 371. *Somerville National Bank* v. *Hornblower,* 293 Mass. 363, 368.

The respondent contends that the right to redeem has been lost by the expiration of one year after the sale on execution, under G. L. (Ter. Ed.) c. 236, § 33. The execution sale took place on November 9, 1940. The present bill, in which it has already been shown that a decree for redemption could be entered, was filed on June 24, 1941, within the year.

Both parties have claimed appeals from the findings and rulings of the judge. It is settled that in equity appeals lie only from interlocutory and final decrees. *Graustein* v. *Dolan,* 282 Mass. 579, 583. *Finlay* v. *Eastern Racing Association, Inc.* 308 Mass. 20, 28. *O'Connor* v. *Brockton,* 308 Mass. 34, 38. *Stretch* v. *Timilty,* 309 Mass. 267, 271. *Kelley* v. *American Sugar Refining Co.* 311 Mass. 617, 621.

> *Appeals from findings and rulings dismissed.*
> *Final decree affirmed.*