JAMES J. O'BRIEN & others *vs.* CITY OF PITTSFIELD.

Berkshire.   September 21, 1943. — June 1, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*School and School Committee.   Municipal Corporations,* Municipal finance. *Public Officer.   Evidence,* Competency.

Action by the school committee of a city respecting an estimate for teachers' salaries could be determined rightly only upon the record of what the committee themselves voted to do and did; evidence of a statement by the superintendent of schools to the mayor in presenting the estimate so voted was properly excluded.

Irrespective of the possibly equivocal character of a vote previously adopted by them, a vote by the school committee of a city to adopt the estimates for a certain year and to submit them to the mayor and city council and the committee's action in so submitting the estimates were unconditional and definite and bound the city under G. L. (Ter. Ed.) c. 71, § 34, as appearing in St. 1939, c. 294, to provide an amount included in the estimates for increases in teachers' salaries, even though action of the committee had not given rise to any definite obligation to pay the increases.

A municipality is bound under G. L. (Ter. Ed.) c. 71, § 34, as appearing in St. 1939, c. 294, to provide not only the sums necessary to meet obligations definitely incurred by the school committee for school purposes required to be carried out by c. 71, but also the sums estimated by the committee as necessary for the proper performance of their proposed plans in connection with such purposes.

PETITION, filed in the Superior Court on May 29, 1942.

The case was heard by *Burns,* J.   In this court it was argued at the bar in September, 1943, before *Field,* C.J., *Donahue, Dolan,* & *Ronan,* JJ., and after the retirement of *Donahue* & *Cox,* JJ., was submitted on briefs to *Lummus, Qua, Wilkins,* & *Spalding,* JJ.

*A. K. Carey,* (*G. V. Mottla* with him,) for the petitioners.

*J. M. Rosenthal,* City Solicitor, for the respondent.

DOLAN, J.   This is a petition brought under G. L. (Ter. Ed.) c. 71, § 34, inserted by St. 1939, c. 294, by ten or more taxable inhabitants of the respondent city of Pittsfield (hereinafter referred to as the city) to have determined an alleged

deficiency in the amount of money appropriated by the city for the support of its schools for the year 1942, and to compel the city to provide the amount of the deficit in that appropriation together with a sum equal to twenty-five per cent of such deficiency in accordance with the statute above referred to. After hearing, the judge entered a final decree dismissing the petition, and the case now comes before us upon the petitioners' appeal therefrom and upon the city's bill of exceptions based upon the exclusion of certain evidence.

The evidence is reported and the judge filed findings of fact. Those facts together with others that we find ourselves (see *Lowell Bar Association* v. *Loeb*, 315 Mass. 176, 178) may be summed up as follows: The petitioners are all teachers in the public schools of the city. At least ten of them are taxable inhabitants of the city. On June 12, 1941, the teachers committee of the school committee made the following recommendation: "Recommended that in accordance with the petition of the Teachers Salary Committee, dated May 24, the annual salary of each teacher be increased by the sum of $200, effective on January 1, 1942, provided money for this increase is made available, the term teachers being understood to include teachers, principals, supervisors, directors, clerks in the employ of the School Department and the Superintendent." Upon motion it was voted by the school committee that this recommendation be approved. On November 21, 1941, the teachers committee made the following recommendation to the full school committee: "Recommended that the budget, as prepared for the year 1942, be approved and forwarded to the Mayor and City Council." The "budget" (estimates) as prepared provided for an increase in the salaries of teachers amounting to $63,864, the total estimate for teachers' salaries being $613,072. The recommendation of the teachers committee that the estimates as prepared be approved and forwarded to the mayor and city council was adopted by vote of the school committee on November 21, 1941, and they were presented to the mayor in due course. The judge admitted evidence de bene to the effect

that the estimates of the school committee, hereinafter referred to as the committee, were presented to the mayor by Superintendent of Schools Russell, and that he said to the mayor: "They [the committee] have added $200 [in each case] to the teachers' salaries, if the money is made available by you." Subsequently, on motion of the petitioners, this evidence was struck out by the judge and the city duly excepted to that action. The mayor did not include in the budget the amount estimated for the increases in the salaries of the teachers, and the city appropriated for their salaries only $549,208 instead of the estimated amount therefor of $613,072. The sum appropriated was sufficient to pay the salaries of the teachers without the estimated increases. The judge found specifically that "There is no vote of the school committee modifying in any way . . . [their] vote of June 12, 1941."

It would add nothing to our jurisprudence to repeat the settled principles of law relating to the powers and duties of school committees and to the obligations of municipalities in connection therewith. Those principles have been fully discussed in recent decisions of this court with citation of earlier decisions for principles which have been consistently followed. For these general principles a reference to *Callahan* v. *Woburn*, 306 Mass. 265, *O'Connor* v. *Brockton*, 308 Mass. 34, *Ring* v. *Woburn*, 311 Mass. 679, and *Hayes* v. *Brockton*, 313 Mass. 641, and to the authorities cited in those cases, is sufficient.

General Laws (Ter. Ed.) c. 71, §§ 37, 38, confer general charge of all the public schools upon the school committees of the respective municipalities, providing further that the school committee "shall elect and contract with the teachers of the public schools." It is settled that this power includes by implication the power to determine their salaries, and that that power is vested solely and absolutely in the school committee. *Hayes* v. *Brockton*, 313 Mass. 641, 644. That power is one that the committee could not delegate lawfully to any of their subordinates or to the mayor or other city officials, but is one for the committee alone to exercise, and their action in regard thereto can be determined rightly only

upon the record of what they themselves voted to do and did. Any attempt by the committee to delegate that power would have been void. *Commonwealth* v. *Staples*, 191 Mass. 384, 386. *Commonwealth* v. *Maletsky*, 203 Mass. 241, 246. The estimates of the school committee spoke for themselves. They were binding upon the city unless invalid because of some insufficiency or other defect as matter of law. The evidence concerning the talk that the superintendent of schools had with the mayor when he presented the estimates of the school committee to him was properly excluded by the judge, and the city's exception to that action must be overruled. See *Barnard* v. *Shelburne*, 222 Mass. 76, 79.

Counsel for the city has argued, however, that the vote of the committee of June 12, 1941, was not effective because only tentative, that it was not modified by any subsequent vote of the committee, and that the city is not bound "to appropriate money, to be paid out, or not paid out, by the school committee within its discretion, when the . . . committee has not previously bound itself by contract or vote to pay out such sums." We do not concur in the contention that the vote of June 12, 1941, was never modified, nor in the conclusion that the city was not bound to comply with the estimates of the committee for the salaries of the teachers. No matter how tentative the vote of June 12, 1941, was, there was nothing tentative about the action of the committee on November 21, 1941, in providing in their detailed estimates for the increases in question and in voting to approve the estimates including the increases and to transmit the same to the mayor. No contention is made that the detailed estimates of the committee were not presented in the manner and within the time provided by G. L. (Ter. Ed.) c. 44, § 31A, inserted by St. 1941, c. 473, § 1. The vote of November 21, 1941, and the action of the committee in transmitting their estimates for the ensuing year, including those for the increases of the salaries of the teachers, was unconditional, definite and binding upon the city. The case is no different from what it would have been had the vote of June 12, 1941, never been passed by the committee. The finding of the judge that there was no vote of

the committee modifying in any way their vote of June 12, 1941, in so far as it may be interpreted to mean that that vote was the determining factor and that the subsequent vote of the committee was ineffective, is not supported by the other findings of the judge or by the evidence. In connection with the two votes, the proper conclusion is that the committee went from the conditional to the absolute.

It is unnecessary to decide whether the effect of the action of the committee was to make present binding contracts with relation to the increases of salaries in question. It is not inappropriate, however, to observe that to establish the principle as matter of law that it is only for the satisfaction of contractual obligations actually entered into by the committee for purposes required to be carried out by them under c. 71 that the city is obliged to make appropriations, would be to establish a financial policy which could prove most wasteful and detrimental to the city itself. It would be to establish requirements that as a matter of fact might be impossible or impracticable of prior mathematical ascertainment. Proper subject matters of the estimates include not only sums necessary to meet fixed obligations definitely binding upon the committee, but also the sums that they estimate are required for the proper performance of their proposed plans in connection with the general purposes required to be carried out by the provisions of G. L. (Ter. Ed.) c. 71, the expenditures in connection with which could not in many instances be contracted for with certainty in advance of actual need. There is nothing in the recent cases cited by the city, to which we have already made reference, in conflict with what we have said above.

The exceptions of the city are overruled. The decree entered in the court below is reversed and instead a final decree is to be entered ordering the city and all its officials whose action is necessary thereto to provide in the manner required by G. L. (Ter. Ed.) c. 71, § 34, inserted by St. 1939, c. 294, the sum of $63,864, the amount of the deficiency in the appropriation for school purposes for the year 1942 under c. 71, plus twenty-five per cent thereof.

*Ordered accordingly.*