ARTHUR E. SUNDERLAND & others *vs.* BUILDING INSPECTOR OF NORTH ANDOVER & others.

Essex. February 5, 1952. — April 10, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Zoning. Mandamus. Public Officer. Evidence,* Judicial notice.

A person aggrieved by an invalid amendment of a zoning by-law is entitled at once to take appropriate steps to cause the amendment to be disregarded; he is not compelled to wait until some specific action under it is proposed or begun.

Landowners in the neighborhood of a parcel of land whose zoning classification was changed by an amendment of the zoning by-law invalid as "spot zoning" were entitled to bring a mandamus proceeding to attack the validity of the amendment and to compel enforcement of the zoning by-law as it existed before the amendment where it did not appear that the zoning by-law provided them a remedy by appeal to the zoning board of appeals pursuant to G. L. (Ter. Ed.) c. 40, § 30, sixth paragraph, as appearing in St. 1941, c. 198, § 1.

There can be no judicial notice of municipal ordinances and by-laws.

PETITION for a writ of mandamus, filed in the Superior Court on February 19, 1951.

The case was heard by *Good,* J., on a motion to dismiss.

*A. H. Salisbury,* for the petitioners.

No argument nor brief for the respondents.

WILKINS, J. The petitioners, residents and taxpayers of North Andover, are owners of parcels of real estate on the easterly side of Church Street, a single residence district. The petition alleges facts tending to show a case of "spot zoning"[1] on the opposite side of Church Street, directly across from the land of the petitioners, by reason of the

---

[1] *Whittemore* v. *Building Inspector of Falmouth,* 313 Mass. 248, 249. *Smith* v. *Board of Appeals of Salem,* 313 Mass. 622. *Marblehead* v. *Rosenthal,* 316 Mass. 124, 128. *Lamarre* v. *Commissioner of Public Works of Fall River,* 324 Mass. 542, 545–546.

action of a special town meeting held on August 28, 1950, at which the zoning by-law purportedly was amended by changing the classification of one parcel of land owned by Alfred H. McKee and Margaret S. McKee from a general residence district to a business district. The by-law was "approved" by the Attorney General. The respondents are the building inspector, the board of selectmen, and the town clerk, who has completed the publication of the by-law under G. L. (Ter. Ed.) c. 40, § 32, as amended by St. 1941, c. 520, § 1. The prayers are that writs of mandamus respectively issue to prevent the granting of any building permit which could not have been issued except for the alleged amendment to the zoning by-law; to require the zoning by-law to be observed and enforced in the form in which it read prior to the alleged amendment; and to cause the town cleik to enter on the records of the town meeting the action of the court on this petition. On September 10, 1951, the court allowed a motion to intervene filed by the owners of the McKee land and by one Alfred S. McKee, who contemplated the establishment on that land of a funeral home. The McKees filed a motion to dismiss the petition "on the ground that there has been no wrong committed injurious to the petitioners and that it is not the proper remedy and the petitioners are not the proper parties." On October 11, 1951, the motion was allowed, and an "order for dismissal" was entered reading: "The court rules that the relief sought may not be had in these proceedings. It is ordered that the petition be, and hereby is, dismissed." The petitioners appealed. G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4.

The precise ground for the action of the court below is obscure. We have not had the benefit of any brief filed on behalf of the respondents. The only ground suggested in the petitioners' brief is that until the building inspector should take some action, such as issuing a permit, no injury has been done to the petitioners. Such a ground would not be valid. If the zoning by-law has undergone an improper amendment, any party aggrieved is entitled at once to take

appropriate steps to cause the invalid amendment to be disregarded and is not forced to wait until some specific action is proposed or begun pursuant to it.   See *Whittemore* v. *Town Clerk of Falmouth*, 299 Mass. 64; *Whittemore* v. *Selectmen of Falmouth*, 304 Mass. 72; *Leahy* v. *Inspector of Buildings of New Bedford*, 308 Mass. 128.   In the case at bar, moreover, it would seem that the respondent town clerk had taken all the steps required of him to put the by-law into effect.

The phraseology of the judge's order suggests that he may have thought that individual landowners could not bring this petition to attack the validity of the amendment and to enforce zoning regulations.   The petitioners, however, have that right.   *Whittemore* v. *Town Clerk of Falmouth*, 299 Mass. 64, 69.   *Leahy* v. *Inspector of Buildings of New Bedford*, 308 Mass. 128.   See *Knowlton* v. *Swampscott*, 280 Mass. 69, 72.   This petition is properly brought by private parties who are legitimately concerned in the performance by public officers of a public duty.   *Brewster* v. *Sherman*, 195 Mass. 222, 224.   *Cox* v. *Segee*, 206 Mass. 380, 381. *Kelley* v. *Board of Health of Peabody*, 248 Mass. 165, 169. *O'Brien* v. *Turner*, 255 Mass. 84, 86.   *Bancroft* v. *Building Commissioner of Boston*, 257 Mass. 82, 84.   *Brooks* v. *Secretary of the Commonwealth*, 257 Mass. 91, 93.   *Tuckerman* v. *Moynihan*, 282 Mass. 562, 568–569.   *D. N. Kelley & Son, Inc.* v. *Selectmen of Fairhaven*, 294 Mass. 570, 574.   *Cape Cod Steamship Co.* v. *Selectmen of Provincetown*, 295 Mass. 65, 69.   *Paul* v. *Selectmen of Scituate*, 301 Mass. 365, 370. *Parrotta* v. *Hederson*, 315 Mass. 416, 418.   Cases like *Warner* v. *Mayor of Taunton*, 253 Mass. 116, are inapplicable for the reasons set forth in the *Cape Cod Steamship Co.* case at the page cited.   Other cases holding that, in the absence of a statute so providing, violation of zoning laws affords a private individual no ground for equitable relief are not in point.   *Mullholland* v. *State Racing Commission*, 295 Mass. 286, 290.   *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston*, 324 Mass. 427, 431.   *Boyle* v. *Building Inspector of Malden*, 327 Mass. 564, 566–567.

There does not appear to be any other remedy. Under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, and amended by St. 1935, c. 388, a landowner who is aggrieved by the decision of the building inspector may appeal to the board of appeals, but a neighboring landowner has no such appeal from a decision of the inspector granting a permit. *Turner* v. *Board of Appeals of Milton*, 305 Mass. 189, 192. *Petros* v. *Superintendent of Buildings of Lynn*, 306 Mass. 368, 369. *Tranfaglia* v. *Building Commissioner of Winchester*, 306 Mass. 495, 497. Chapter 40, § 30, underwent an amendment by St. 1941, c. 198, § 1, which authorized towns to extend the right of appeal to "any person aggrieved." See *American Can Co. of Massachusetts* v. *Milk Control Board*, 313 Mass. 156, 161. It does not appear from the excerpts from the zoning by-law set forth in the petition that such a provision has been made in North Andover. There is no judicial notice of municipal ordinances and by-laws. *Cerwonka* v. *Saugus*, 316 Mass. 152, 153.

The order allowing the motion to dismiss and the judgment of dismissal are reversed. Instead an order is to be entered denying that motion, and the case is to stand for hearing in the Superior Court.

*So ordered.*