GEORGE W. FAIRMAN & others *vs.* BOARD OF APPEAL OF
MELROSE & another.

Middlesex.    February 1, 1954. — March 1, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Zoning. Melrose. Equity Jurisdiction, Zoning. Certiorari.*

No appeal in equity lay to the Superior Court from a decision granting
a zoning variance by the board of appeal of Melrose established under
St. 1924, c. 22, which contains no provision for such an appeal; the
appropriate remedy to review the decision of the board was certiorari.

BILL IN EQUITY, filed in the Superior Court on March 17,
1953.

The suit was heard by *Forte,* J.

*A. Van Allen Thomason,* for the defendants.

*James P. McNamara,* for the plaintiffs.

WILKINS, J.    This is an appeal to the Superior Court in
the form of a suit in equity under G. L. (Ter. Ed.) c. 40, § 30,
as appearing in St. 1933, c. 269, § 1, and subsequently
amended, brought by persons who allege that they are
residents of Melrose and property owners within the neigh-
borhood of property of one Lieberman, to whom the de-
fendant board granted a variance to convert a single dwelling
and a carriage house in a single residence district into build-
ings of four apartments.    The plaintiffs seek an annulment
of the decision granting the variance and an injunction
against the granting of a building permit by the defendant
building commissioner of Melrose.

The case was heard by a judge of the Superior Court,
whose findings and rulings are as follows: "This is an appeal
under G. L. c. 40, § 30.    I find that the decision of the appeal
board was not based on any finding of hardship; that the
reasons given by the board are not sufficient to warrant a
variance either in law or fact.    The decision of the appeal

board is hereby declared null and void." The defendants appealed to this court from a final decree annulling the decision of the board.

The board seems not to have been established under § 30, but to have been established under St. 1924, c. 22, which contains no provision for an appeal from a decision of the board to the Superior Court. Hence the present proceedings cannot lie. The appropriate remedy for the plaintiffs should have been a petition for a writ of certiorari. *Lambert v. Board of Appeals of Lowell,* 295 Mass. 224, 227. *Turner v. Board of Appeals of Milton,* 305 Mass. 189, 192. *Petros v. Superintendent of Buildings of Lynn,* 306 Mass. 368, 369. *Tranfaglia* v. *Building Commissioner of Winchester,* 306 Mass. 495, 497. *Boyle* v. *Building Inspector of Malden,* 327 Mass. 564, 566–567. *Sunderland* v. *Building Inspector of North Andover,* 328 Mass. 638, 641. See *Bicknell Realty Co. v. Board of Appeal of Boston,* 330 Mass. 676, 678–679.

*Decree reversed.*
*Bill dismissed.*