EDNA REYNOLDS & others *vs.* BOARD OF APPEAL OF SPRING-
FIELD & others.

Hampden.    January 7, 1957. — February 14, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, &
CUTTER, JJ.

*Building Laws. Springfield. Equity Jurisdiction,* Building laws, Other
remedy, Retention of suit for other relief, Quasi judicial tribunal.
*Certiorari. Board of Appeals. Quasi Judicial Tribunal. Zoning.
Waiver. Equity Pleading and Practice,* Building law appeal, Demurrer,
Waiver, Zoning appeal, Parties.

In the absence of any statutory provision therefor in G. L. (Ter. Ed.)
c. 143 or Sts. 1910, c. 349; 1945, c. 243, a suit in equity does not lie
as an appeal from a decision of the board of appeal of Springfield in a
matter arising under the city's building code. [465–466]

The defendant in a suit in equity did not, in the circumstances, waive
a demurrer to the bill by coöperating in getting the case to trial on
the merits, at which the judge stated that he would not rule on the
demurrer until after presentation of all the evidence. [466]

The facts that the Superior Court had jurisdiction of a suit in equity by
way of appeal from a decision of a board of appeals granting a zoning
variance and that the same decision also granted a building code vari-
ance did not justify giving relief from the decision with respect to the
building code variance, a separate matter from the zoning variance
and one as to which a suit in equity by way of appeal from the deci-
sion did not lie. [467]

A suit in equity which did not otherwise lie to review a decision of a
board of appeals did not lie to annul the decision on the asserted
ground that the board was improperly constituted. [467–468]

In a suit in equity in the Superior Court by way of an appeal under G. L
(Ter. Ed.) c. 40A, § 21, inserted by St. 1954, c. 368, § 2, from a deci-
sion of a zoning board of appeals granting a variance authorizing use
of a dwelling in a residence district as a nursing home, a decree annul-
ling the decision was proper where the judge made findings, not
plainly wrong on evidence heard by him de novo, that there were no
conditions especially affecting the property in question which would
involve substantial hardship from a literal enforcement of the zoning
ordinance and that the granting of the variance would substantially
derogate from the purpose and intent of the ordinance. [468, 470]

A suit in equity under G. L. (Ter. Ed.) c. 40A, § 21, inserted by St. 1954,
c. 368, § 2, by way of appeal from a decision of a zoning board of

appeals granting a variance authorizing use of a dwelling house in a residence district as a nursing home might be maintained by plaintiffs, as persons "aggrieved," two of whom owned and resided on property in the same district across the street from the dwelling involved, even though an office was conducted on such plaintiffs' property as a non-conforming use, and a third of whom owned and occupied nearby property in a different class of residence district in which the zoning status of nursing homes was the same as in the district where the dwelling involved was located. [470]

BILL IN EQUITY, filed in the Superior Court on October 27, 1955.

The suit was heard by O'Brien, J.

Henry E. Patnaude, for the defendants Dufficy.

Charles D. Sloan, City Solicitor, & Donald A. Clancy, Associate City Solicitor, for the defendant board of appeal, submitted a brief.

Raymond T. King, (Richard S. Milstein with him,) for the plaintiffs.

WHITTEMORE, J. These are appeals by the board of appeal of the city of Springfield, and by the two other defendants, the owners of a parcel of residential property in that city, from a final decree of the Superior Court which annulled a decision of the board of appeal authorizing variances of both the building code and the zoning ordinance. The variances would operate to permit the owners to convert the frame dwelling house on their property into a nursing home and to use the building for that purpose.

1. The Superior Court had no jurisdiction in equity to annul the decision of the board of appeal with respect to the building code.

There is no statutory provision for this appeal in equity. St. 1910, c. 349, St. 1945, c. 243 (special acts relative to the construction, alteration, repair, maintenance, and use of buildings in the city of Springfield). G. L. (Ter. Ed.) c. 143. The special statute, St. 1945, c. 243, § 2 (g), authorizes only a petition for a writ of certiorari by "A person aggrieved" by a decision of the board of appeal. This remedy, at law, has been provided by statute in other in-

stances (see G. L. [Ter. Ed.] c. 40, § 27A, prior to enactment of St. 1933, c. 269, § 1; *Lambert* v. *Board of Appeals of Lowell,* 295 Mass. 224, 227; *Hull* v. *Belmont,* 309 Mass. 274, 279). It is available under the principles of common law. *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, 544. *Morrissey* v. *State Ballot Law Commission,* 312 Mass. 121. *Jordan Marsh Co.* v. *Labor Relations Commission,* 312 Mass. 597, 599. *Gifford* v. *Commissioner of Public Health,* 328 Mass. 608, 619. In the absence of an express statutory provision therefor (compare G. L. [Ter. Ed.] c. 40A, § 21, inserted by St. 1954, c. 368, § 2) a bill in equity will not lie as an appeal from such a decision. *Fairman* v. *Board of Appeal of Melrose,* 331 Mass. 160.

The defendants appropriately demurred to the bill in this aspect, and the demurrers were brought to the attention of the trial judge when the case came on for hearing. The action of coöperation of the attorneys for the defendants in getting the case on the merit list, and not on the motion list in the first instance, in the hope, as one of the attorneys stated to the trial judge, that the judge "might like to hear all facets of the case at the same time," was not a waiver of the demurrers by proceeding to hearing under the familiar rule. See *Saltzberg* v. *Lumbermens Mutual Casualty Co.* 326 Mass. 351, 353. The trial judge in saying "I am not going to rule on your demurrer until all of the evidence has been presented" indicated his reservation of the point. The effect of this was to permit a decision to be based "on facts rather than words" and, if the facts proved should call for relief, to permit an appropriate decree subject to any needed amendment of the bill, although a dismissal of the bill on the demurrers without deciding on the evidence remained within the judge's power. *Olszewski* v. *Sardynski,* 316 Mass. 715, 717. Here the judge found on the evidence before him that the variance of the building code derogated from the intent and purpose of the code and entered a decree providing that it "exceeds the authority of the board of appeals and is annulled."

Nothing in the evidence showed that notwithstanding the

lack of jurisdiction in equity to review the board's action by way of appeal (*Fairman* v. *Board of Appeal of Melrose*, 331 Mass. 160) there was some other general or special basis for sustaining equitable relief.    The principle that equity may retain a bill brought in good faith to do complete justice with reference to the subject matter even though the relief prayed for cannot be given and a bill would not lie solely for the specific relief awarded (*Fields* v. *Othon*, 313 Mass. 115, 118) is without application; the bill here did not state a case in equity for relief on any ground from the action of the board of appeal in respect of the building code.    The appeal from the action of the board as to the zoning law was a separate issue, and relief in respect of the building code variance was in no sense incidental to giving complete relief in the cause over which the court did have jurisdiction.

The bill cannot be maintained, on the evidence any more than on the allegations, as a bill to enjoin board action which was illegal because of the composition of the board of appeal.[1]    If the composition of the board was subject to attack other than directly by quo warranto and we intend no intimation (compare *Attorney General* v. *Simonds*, 111 Mass. 256; *Prince* v. *Boston*, 148 Mass. 285, 287; *Attorney General* v. *Loomis*, 225 Mass. 372; *Sevigny* v. *Lizotte*, 260 Mass. 296; *Commonwealth* v. *DiStasio*, 297 Mass. 347, 349–352; *Lawrence* v. *Selectmen of Saugus*, *ante*, 400) the point would be available on certiorari.    *Sesnovich* v. *Board of Appeal of Boston*, 313 Mass. 393.    See *Attorney General* v. *Board of Public Welfare of Wilmington*, 328 Mass. 468, 471. Hence the absence of a remedy at law cannot be the basis of equity jurisdiction.    An improperly constituted board is

---

[1] The building code, § 204, provides for three members of the board of appeal and that "One member shall be a representative of the Building Trade Unions; one shall be either an architect, engineer or builder and one shall be an attorney at law.    There shall also be three associate members . . . [one in each such category].    When a member is disqualified or absent, an associate member of unlike qualification to the two members serving shall serve. . . ."    There was evidence that the board was composed of one lawyer and two from the second stated category, that two of the associates were lawyers and the third was a representative of a building trade union, and that the appeal to the board was heard by a board composed of two lawyers and the union representative.

not, as the plaintiffs appear to contend, in itself a basis for equitable action to annul its proceedings. In *Fisk* v. *Springfield*, 116 Mass. 88, in sustaining a demurrer we said at page 89: "The city council . . . being a tribunal having general jurisdiction of the subject of altering the grade of highways in the city . . . the validity of its orders as to such alterations . . . can only be impeached directly by a petition for a writ of certiorari to quash them, and not collaterally by a petition in equity . . . ." The case is unlike *Nectow* v. *Cambridge*, 260 Mass. 441, and *Nelson* v. *Belmont*, 274 Mass. 35, where the attack in equity was on the validity of a zoning ordinance or by-law and the point of other available remedy was waived. See *Knowlton* v. *Swampscott*, 280 Mass. 69, 72; *Hull* v. *Belmont*, 309 Mass. 274, 279.

We do not reach the point whether owners of neighboring property whose interest was to maintain zoning restrictions could be persons "aggrieved" by a decision on a matter affecting structural safety of the subject building without a showing of possibility of increased risk to their property as through fire hazard. Nor do we come to the plaintiffs' point that the board granted the variance of the building code upon allowance of an amendment to the petition for a zoning variance, without publishing or serving notice of the amendment notwithstanding the express requirement of St. 1945, c. 243, § 2 (b), of "due notice and a hearing." See *Roman Catholic Archbishop of Boston* v. *Board of Appeal of Boston*, 268 Mass. 416, 418–419; *Kane* v. *Board of Appeals of Medford*, 273 Mass. 97, 103–104; *Morrison* v. *Selectmen of Weymouth*, 279 Mass. 486, 490–491; *Co-Ray Realty Co. Inc.* v. *Board of Zoning Adjustment of Boston*, 328 Mass. 103, 107–108.

The bill should have been dismissed on its allegations and on the evidence so far as it attacked the action of the board of appeal in respect of the building ordinance.

2. There was no error in annulling the action of the board of appeal in respect of the zoning variance.

The appeal lay under G. L. (Ter. Ed.) c. 40A, § 21. On

such appeal, "[i]t is now plain that it is the duty of the judge to determine the facts for himself upon the evidence introduced before him and then to apply the governing principles of law and, having settled the facts and the law, to inspect the decision of the board and enter such decree as justice and equity may require in accordance with his determination of the law and facts. The decision of the board . . . on appeal has no evidentiary weight." *Devine* v. *Zoning Board of Appeals of Lynn*, 332 Mass. 319, 321. *Blackman* v. *Board of Appeals of Barnstable*, 334 Mass. 446, 449.

The only relevant evidence before the trial judge, apart from the board's decision, was as follows: The subject residence was in a Residence A district established by the subject zoning ordinance, in which under the provisions of that ordinance, according to the allegations of the bill and the admissions of each answer, "nursing homes . . . are and have been prohibited . . . ." In that district, more or less near to the subject property, there are buildings being used for purposes other than those permitted in Residence A districts unless as nonconforming uses or under variances. The plaintiff George H. Reynolds, owning a lot in the Residence A zone across the street from the locus, and occupying a house on an adjacent lot owned by his wife, also a plaintiff, or by him and his wife, had for many years conducted in his home, as a nonconforming use, the office aspects of a landscape contracting business. The plaintiff Florence S. Scannell [1] is an owner and occupant of a residence adjacent to the locus, but in a Residence B zone as to which the restrictions which may be operative as to nursing homes (there are none expressly mentioned) are the same as for Residence A districts. There was no evidence from which the judge could have found "with respect to . . . [the subject land or building] conditions especially affecting such parcel or such building but not affecting generally the zoning district in which it is located" or that owing to such condi-

---

[1] Ownership and occupancy also by the plaintiff Gerald J. Scannell are alleged but ownership is not clearly proved.

tions "a literal enforcement . . . would involve substantial hardship to the appellant." These are essentials to support a variance as are the other express requirements of the statute. G. L. (Ter. Ed.) c. 40A, § 15. The board's decision was not such evidence. The judge properly found on the evidence that there were no such special conditions and that enforcement would not involve substantial hardship. The evidence does not require a conclusion contrary to that stated by the judge that "the granting of the variance sought would substantially derogate from the purpose and intent of the zoning ordinance." Changes in the neighborhood which could support a change in the ordinance manifestly do not necessarily support a variance for the benefit of one property owner therein. Action of the building commissioner or appeal board in respect of other nursing homes in Residence A districts, of which there was some testimony, is irrelevant. We need not consider whether the evidence of the character of the neighborhood would be sufficient to support a finding that "desirable relief may be granted without substantial detriment to the public good."

The plaintiffs include persons aggrieved. *Carey* v. *Planning Board of Revere, post,* 740, 743. *Sunderland* v. *Building Inspector of North Andover,* 328 Mass. 638. The case of *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427, 431–432, does not suggest the contrary. The plaintiffs Reynolds are entitled to assert their interest in having the Residence A district in which they own real estate and reside maintained as such notwithstanding a nonconforming use in their residence. The interest of the plaintiff Florence S. Scannell in the zoning status of a lot adjacent to her property is not lessened by the fact that her lot is in a Residence B district. In any event no distinction here significant between Residence A and Residence B districts is shown.

3. The final decree is to be modified to provide for the dismissal of the bill so far as it affects action of the board of appeal under the building code, and as so modified it is affirmed.                                       *So ordered.*