MATTHEWS v. THE CITY OF ALEXANDRIA, *Plaintiff in Error.*

**Municipal Corporation cannot delegate its Legislative Powers:** WHARVES. It is well settled that the legislative powers of a municipal corporation cannot be delegated. They are in the nature of public trusts conferred upon the legislative assembly of the corporation for the public benefit, and cannot be vicariously exercised. Hence, a city authorized by its charter to erect, repair and regulate public wharves, and to fix the rate of wharfage thereat, cannot lease its wharf, or farm out its revenues, or empower any one else to fix the rates of wharfage; and a contract whereby the city undertakes to do these things is void.

*Error to Schuyler Circuit Court.*—HON. JOHN W. HENRY, Judge.

*J. G. Blair* for plaintiff in error.

*James Hagerman* for defendant in error.

HOUGH, J.—This was a suit upon one hundred and ten bonds of the city of Alexandria, twenty of which are dated October 8th, 1859; thirty are dated December 3d, 1859, and sixty are dated July 7th 1860, each for $100, payable ten years after date, with ten per cent. interest, to A. Maxwell, or his assigns. The petition alleges the written assignment thereof by Maxwell to William Matthews, the plaintiff, on the 26th day of August, 1872. The bonds are not payable out of any particular fund, but are the absolute obligations of the city to pay the sums specified. The city, in its answer, admitted the validity, due execution and delivery of the bonds, and stated that they were

executed by the city for a debt due Maxwell for the construction of the public wharf of the city. The answer further averred that the city, under its charter, had the power to erect, repair and regulate public wharves and docks, and fix the rates of wharfage thereat, and issue the bonds of the city thereon, and to appropriate and apply the wharfage and dockage arising therefrom in payment of such bonds. The answer, also, sets out a certain contract made on the 5th day of November, 1867, between said Maxwell and the city, in words and figures, as follows:

- "This agreement, made and entered into by and between the city of Alexandria, Clark county, Missouri, of the first part, and Andrew Maxwell, of the second part, witnesseth, that, whereas, the said city of Alexandria is indebted to the said Andrew Maxwell in the sum of $11,000, besides accrued interest, being an indebtedness created by the construction of the wharf, or levee, along the Mississippi River, in front of said city, and which indebtedness is evidenced by certain bonds, each for the sum of $100, issued by the mayor and register of said city, all dated July 7th, 1860, December 3d, 1859, and October 8th, 1859, payable unto the said A. Maxwell, or assigns, and each due ten years after date, as by the interest coupons thereunto attached; Now, for value received, and for the purpose of paying and discharging said indebtedness, it is hereby agreed by and between said parties, as follows: The said city hereby leases to said Maxwell the said wharf in front of said city, for a period of twenty years from this date, and the said city also authorizes the said Maxwell to collect for his own use and benefit from all vessels and persons, except the ferry, all charges by way of wharfage or otherwise accruing during the said period of twenty years, and also all wharfage due and unpaid up to date of this contract; and the said city of Alexandria also agrees to protect and defend the said Maxwell in the use and enjoyment of the rents and profits and income of said wharf, or levee, by

way of wharfage or otherwise, except the ferry, during the whole of said period; and also to pay any cost and expense which he, the said Maxwell, may be put to in the way of defending or protecting his right thereto by way of litigation or otherwise; and the said city will not hold itself responsible for any costs that may accrue in the collection of debts by the said A. Maxwell that were made previous to the date of this contract, or any costs or expenses that may be made by reason of negligence, on his part, during the term of this agreement; and the said city guarantees to the said Maxwell the right to collect reasonable wharfage from all boats, crafts, vessels, &c., except the Warsaw and Alexandria ferry, landing at the said city of Alexandria, whether they shall land in front of said paved or completed levee or elsewhere.

In consideration whereof, the said Andrew Maxwell agrees that the receipts by him of said wharfage, and of the rights and privileges hereinbefore guaranteed to him by the said city, shall be in full and complete payment and discharge of the bonds and coupons hereinbefore described as held by him against said city; and the said Maxwell also agrees to keep the paved portion of said levee (that is, the levee from a point opposite the mouth of Pearl street to the alley running between block ten (10) and eleven (11) on the Des Moines River), in good condition, ordinary wear and tear and unavoidable accidents excepted, and to return said wharf to said city at the expiration of said term of twenty years. The said Maxwell also agrees that he will not charge for wharfage, during the time he shall hold said levee, a price or prices higher than the average price or prices charged at the cities of Canton and LaGrange, Missouri, and Warsaw, Illinois. It is also further mutually agreed that the aforesaid bonds and coupons shall be deposited with James FitzHenry for safe keeping, and to hold them in trust for the parties hereto; and that at the expiration of said term of twenty years, in the event that said city fulfills its part of this agreement,

the said James FitzHenry shall deliver said bonds and coupons to the said city to be canceled, as having been paid in full; but in case, for any cause, the said city shall fail to carry out this contract, and the said Maxwell shall, at any time, be deprived of said wharfage, or held not to be entitled thereto under this agreement, then this agreement shall become void, except that any money actually received by said Maxwell under it, shall apply towards the cancellation of said bonds and coupons, and in that case the said James FitzHenry shall return the uncanceled bonds and coupons to the said Maxwell or assigns, whose claims and rights thereunder shall remain unimpaired. The said city requires that the said Maxwell, or assigns, shall keep an account on a book for that purpose, of the receipts of all wharfage collected by him. In witness whereof, the said parties (the said city, by its mayor, acting under the authority of an ordinance of the board of alderman,) have hereunto signed their names this 5th day of November, 1867.

"WM. SHERVIN,
"Mayor of the City of Alexandria.
"A. MAXWELL."

The answer pleads the foregoing contract, in bar of this suit, and sets up counter claim for not using due diligence in collecting wharfage, counter claim for not keeping proper books, counter claim for not keeping wharf in proper repair, and counter claim for wharfage actually collected. On motion of plaintiff, the court struck out all that part of the answer referring to said contract, except the portion setting up a claim for money actually collected thereunder, on the ground that the city had no power to make the same.

The replication to the answer admits that the bonds were given for a debt due Maxwell for constructing the public wharf of the city, but denies that the city had the power to appropriate the wharf revenues to the payment of the bonds, or to lease the wharf; and avers the pre-

tended contract of lease to be void for want of power in the city to make it. Upon the trial the court rendered judgment for the amount of the bonds with interest, less the amount of wharfage actually collected by Maxwell and Matthews, treating that as money received by them for the use and benefit of the city, and the defendant has appealed to this court.

The principal question presented for our determination is, whether the contract of November 5th, 1867, between Maxwell and the city is valid. It is well settled by judicial decisions in this State, and elsewhere, that the legislative powers of a municipal corporation cannot be delegated to others. Such powers are in the nature of public trusts conferred upon the legislative assembly of the corporation for the public benefit, and cannot be vicariously exercised. Cooley Con. Lim., 204, 205 ; *City of St. Louis v. Clemens,* 43 Mo. 403 ; *City v. Clemens,* 52 Mo. 138. By the charter of the city of Alexandria, authority was conferred upon the city council to erect, repair and regulate public wharves and docks, and to fix the rate of wharfage thereat. Acts 1849, 352 ; Acts 1851, 393. No authority was given by the charter to the city to lease the wharf, or farm out its revenues, or to empower any one else to fix the rates of wharfage. All these things were attempted to be done by the contract under consideration, and being wholly unauthorized, the contract was illegal and void. The legislative authority of the city could not be delegated, nor could the city abdicate its control over the public property held in trust by it for the benefit of the public. Dillon on Mun. Corp., vol. 2, §§ 445, 512. *Illinois Canal Co. v. St. Louis,* 2 Dill. Rep. 84, 92 ; *Oakland v. Carpentier,* 13 Cal. 540 ; *Gale v. Kalamazoo,* 23 Mich. 344.

We see no merit in the objection made to the right of Matthews to the possession of the bonds as the assignee of Maxwell, nor do we perceive any error in the action of the court on the pleadings. The judgment of the circuit court will be affirmed. The other judges concur. AFFIRMED.