WILSON LINE OF MASSACHUSETTS, INC., & others *vs.* SELECTMEN OF HULL & another.

Suffolk.   December 2, 1947. — January 28, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Municipal Corporations*, Use of municipal property, Wharf, Public landing. *Hull.*

The mere fact that a town owned a wharf did not entitle a member of the public to a writ of mandamus to compel the selectmen of the town to cancel a lease to another respondent of "the privileges and right to use" the wharf and to allow the petitioner the use of it in common with others, where it appeared that the wharf had not become a common or public landing place.

A wharf acquired by the town of Hull under St. 1941, c. 21, did not become a common or public landing place in the absence of any vote to that effect by the town.

---

[1] The statute has not been changed in so far as now material by St. 1947, c. 408.

PETITION for a writ of mandamus, filed in the Superior Court on August 27, 1946.

The case was heard on the merits by *Sullivan*, J.

*M. A. Shattuck*, (*L. L. Wadsworth, Jr.*, with him,) for the respondent Wills.

*G. E. Bruen*, for the selectmen of Hull.

*T. H. Walsh*, (*J. F. Mirley* with him,) for the petitioners.

QUA, C.J. This is a petition by a Massachusetts corporation and two residents and taxpayers of Hull for a writ of mandamus commanding the respondent selectmen to cancel an indenture dated November 22, 1944, between the town and the respondent Wills, to make reasonable rules and regulations for the public use of certain wharf facilities in the town, and to allow the corporate petitioner to use such facilities in common with others, subject to such rules and regulations.

The case is here on appeals by the respondents from the overruling of their demurrers and upon exceptions of the selectmen and of Wills to rulings in connection with the hearing on the merits. The judge ordered the writ to issue. In the present state of the case it will be unnecessary to deal separately with the demurrers.

By St. 1941, c. 21, entitled "An Act authorizing the town of Hull to acquire lands for wharf and recreation center purposes in said town," it was provided in § 1 that the town might take by eminent domain or acquire by purchase the lands and wharf properties owned by the Nantasket-Boston Steamboat Company and might "use, maintain and operate, as a wharf or wharves and a common landing place or places, such portion thereof as said town may determine at any special or annual town meeting," and that it might operate the remaining portions for the purposes of a recreation center or centers. Section 2 provided that the powers to acquire property conferred by the act might be exercised by the selectmen and the powers to use, maintain, and operate any portion of the property so acquired as a wharf and common landing place or as a recreational center or centers might be exercised by the selectmen, who should have power to make rules and regu-

lations governing such use, subject to such rules and regulations as the town might fix by vote. Under authority of this statute the town acquired by deed several parcels of real estate at Nantasket and at Pemberton Landing, including in all four wharves. Thereafter the town, through the selectmen, entered into the indenture with Wills granting him "the privileges and right to use" a portion of "Pemberton Pier" and a portion of "Nantasket Wharf." The town has never determined by vote at any town meeting to set aside or use as a common landing place any of the property acquired by it, and neither the town nor the selectmen have made any regulations pertaining thereto.

It is plain that the petition can be maintained only on the theory that some part of the wharves acquired by the town has become a common or public landing open to general use. The mere fact that the town has acquired title to a parcel of real estate upon which there is a wharf does not give every individual a right to dock his vessel there any more than the acquisition of land upon which there is a driveway would give every individual a right to drive upon it. Towns hold their property for the public benefit, but it does not necessarily follow that every individual can use town property for his own benefit. This petition can be maintained only if the petitioners are seeking enforcement of a public right available alike to themselves and others. *Attorney General* v. *Boston*, 123 Mass. 460, 479. *Brooks* v. *Secretary of the Commonwealth*, 257 Mass. 91, 92–93. *D. N. Kelley & Son, Inc.* v. *Selectmen of Fairhaven*, 294 Mass. 570, 574. *Cape Cod Steamship Co.* v. *Selectmen of Provincetown*, 295 Mass. 65, 69. By the terms of the statute no common or public landing can be established upon the acquired property until a vote of the town in town meeting shall have determined what portion of the premises shall be devoted to that use. There has been no such vote. The petitioners are not vindicating any public right to use any of the wharves. The petition cannot be maintained. In *Cape Cod Steamship Co.* v. *Selectmen of Provincetown*, 295 Mass. 65, upon which the petitioners rely, the terms of the statute and the vote of the town

were such that the wharf became a public landing immediately upon its acquisition.   295 Mass. at page 66.   The case of *D. N. Kelley & Son, Inc.* v. *Selectmen of Fairhaven,* 294 Mass. 570, is distinguishable on similar grounds.

The appeals are dismissed.   The exceptions of all respondents are sustained.   Judgment is to be entered dismissing the petition.

*So ordered.*