BOSTON PROVINCETOWN STEAMSHIP LINE, INC. *vs.* SELECTMEN OF PROVINCETOWN & others.

Suffolk. December 6, 1948. — February 14, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Municipal Corporations*, Wharf, Public landing, Lease of municipal property. *Wharf*. *Provincetown*. *Constitutional Law*, Public place. *Landlord and Tenant*, Construction of lease.

Use of the public "Town Wharf" in Provincetown by a steamship company as a terminal for excursion boats operated by it between Boston and Provincetown as a public carrier would be a public use justifying a grant by the Legislature of authority to the town to give to the company a lease of a portion of the wharf for such use with a right to have competitors excluded from the rest of it; the broad powers given the town by St. 1938, c. 55, § 1, to "lease the whole or any portion of" the wharf were construed to permit the giving of such a lease.

Statute 1938, c. 55, § 1, authorizing the town of Provincetown to "lease the whole or any portion" of "Town Wharf," gave the town power to include, in a lease to a steamship company of the privilege of occupying the southwesterly end of the wharf and part of a building on the wharf for passenger and freight purposes in the operation of excursion boats on regular sailings between Boston and Provincetown during the months of June to September, inclusive, a provision that the town was "to have the right to allow other boats at any part of the wharf when the lessee's boat . . . [was] not there, but . . . [was] not to let such privilege to any excursion boat having regular sailings from Boston during the" months above specified; and such provision was enforceable to prevent operation under a lease, which the town later purported to give to another company operating a line of regular excursion boats between Boston and Provincetown during the same months, of the privilege of occupying for that purpose the southeasterly end of the wharf.

BILL IN EQUITY, filed in the Superior Court on April 12, 1948.

The suit was heard by *Good*, J.

It appeared that the lease relied on by the plaintiff was given originally to Cape Cod Steamship Company on September 6, 1944; that Massachusetts Steamship Lines, Inc., and later the plaintiff succeeded to the rights of the lessee therein, and that it was renewed on July 28, 1947, for a period of three years commencing October 1, 1947.

The lease provided that the town leased "all that certain privilege of occupying for passenger and freight purposes during the months of June, July, August and September, in connection with the line of boats run between Boston and Provincetown, the southwesterly end of the wharf . . . and the southerly end, one third, of the large building standing on said wharf; the lessor to have the right to allow other boats at any part of the wharf when the lessee's boat is not there, but is not to let such privilege to any excursion boat having regular sailings from Boston during the months of June, July, August and September."

The lease made by the town to the Wilson Line of Massachusetts, Inc., was of the "privilege of occupying for passenger purposes during the months of June, July, August and September, in connection with a line of vessels . . . to be operated between Boston and Provincetown, the southeasterly end of the wharf . . . ." It was averred in the petition, admitted in the answer, and found by the trial judge that the Wilson Line contemplated the operation of an excursion boat from Boston to Provincetown.

*J. H. Seaman,* for the defendants.

*L. F. Glynn,* for the plaintiff.

QUA, C.J. The plaintiff seeks by this bill to enjoin the defendant selectmen and the defendant town of Provincetown from permitting the defendant Wilson Line of Massachusetts, Inc., to occupy any part of "Town Wharf" at Provincetown for the docking of its regular excursion vessels from Boston during the months of June, July, August, and September, and to enjoin the last named defendant from so docking such vessels under the purported authority of a lease to it by the town, dated March 10, 1948, of docking privileges at the southeasterly end of the wharf. In the Superior Court a decree was entered in favor of the plaintiff.

It is the contention of the plaintiff that the lease to the Wilson Line is invalid because in conflict with an exclusive right to dock excursion vessels having regular sailings from Boston at "Town Wharf" during the months of June to September, inclusive, granted by the town to the plaintiff by a prior lease which will not expire until 1950. The defendants contend that, if the lease to the Wilson Line does conflict with the plaintiff's prior lease, the plaintiff's lease is invalid, because it was beyond the power of the town to make a lease which should exclude other lines desiring to use the wharf.

The case seems to have been tried in the court below and to have been argued here on the assumption that both leases were legally made to the extent of the power of the town to make them. We decide the case on the same assumption.

The lease to the plaintiff, although it granted only a right to use the southwesterly end of the wharf and part of a building, contained this provision, "the lessor to have the right to allow other boats at any part of the wharf when the lessee's [plaintiff's] boat is not there, but is not to let such privilege to any excursion boat having regular sailings from Boston during the months of June, July, August and September . . .." We think it plain that the lease to the Wilson Line of the privilege of docking at the southeasterly end of the wharf its regular excursion boats from Boston during these same months is in conflict with the former grant, and as the defendants do not now appear to contend to the contrary we shall not labor the point.

In our opinion the town did have power to make the exclusive grant to the plaintiff with respect to regular excursion boats from Boston during the summer months. In *Cape Cod Steamship Co.* v. *Selectmen of Provincetown,* 295 Mass. 65, we held that in view of the fact that the town had originally acquired the wharf as a public landing under the authority of St. 1928, c. 253, by which it was authorized to "maintain and operate said property as a wharf and public landing," it could not grant an exclusive use to a single company in derogation of the rights of the rest of

the public any more than it could grant to individual exclusive rights of travel over portions of its public ways. That decision dealt only with the power of the town as a municipal corporation. The power of the Legislature to grant exclusive rights to a common carrier for the purpose of transportation of the public, or to authorize the town to grant such rights, was not considered, because the Legislature had at that time neither granted nor authorized the town to grant any such rights. It is true that in some of the cases cited in the *Cape Cod Steamship Co.* case the facts were stronger in favor of the plaintiffs than in that case in that attempts had been made to grant exclusive privileges in public property for purposes that could not be considered public even if authorized by the Legislature, but it is plain that the decision in the *Cape Cod Steamship Co.* case went no farther than we have just stated.

Since the decision in that case the Legislature has enacted St. 1938, c. 55, of which § 1 provides that the town "may lease the whole or any portion" of "Town Wharf." This power is granted without qualification or condition of any kind. We are not here called upon to deal with any attempt of the town to lease for a private use public property still needed for the public use for which it was acquired. See *Cape Cod Steamship Co.* v. *Selectmen of Provincetown*, 295 Mass. 65, 68. Doubtless the statute should be so construed as to avoid constitutional difficulties. But use as a terminal for a public carrier is a public use — as much so as, for example, would be the use of a highway for a street railway or for various other public services for which locations, often exclusive, are commonly granted. See *Boston* v. *Treasurer & Receiver General*, 237 Mass. 403, 414; *Prince* v. *Crocker*, 166 Mass. 347, 361; *Commonwealth* v. *Morrison*, 197 Mass. 199, 203–204. We have no doubt that the general power of the Legislature over land and property devoted to public uses extends far enough to authorize such appropriation and regulation of the use as the town has attempted in this case. That power has been defined in the broadest terms in various cases relating to public ways and to other property held for different kinds of public uses. See, for instance,

*Old Colony Railroad* v. *Framingham Water Co.* 153 Mass. 561; *Prince* v. *Crocker*, 166 Mass. 347, 359, 362; *Boston Electric Light Co.* v. *Boston Terminal Co.* 184 Mass. 566, 570–571; *Cheney* v. *Barker*, 198 Mass. 356, 363–364; *Higginson* v. *Treasurer & School House Commissioners of Boston*, 212 Mass. 583, 585, 591; *Wright* v. *Walcott*, 238 Mass. 432, 435; *Opinion of the Justices*, 251 Mass. 569, 595; *Boston* v. *A. W. Perry, Inc.* 304 Mass. 18, 21; *Lowell* v. *Boston*, 322 Mass. 709, 730–731, 735. The Legislature can, within reasonable limits, delegate to cities and towns its powers over public places within their boundaries, and can resume those powers at pleasure. *Boston Electric Light Co.* v. *Boston Terminal Co.* 184 Mass. 566, 570–571. *Cheney* v. *Barker*, 198 Mass. 356, 363. *Codman* v. *Crocker*, 203 Mass. 146, 152–153. *Commonwealth* v. *Theberge*, 231 Mass. 386, 390. *Lowell* v. *Boston*, 322 Mass. 709, 730.

The authority granted to the town by St. 1938, c. 55, § 1, to lease "the whole or any portion" of the wharf would have permitted a lease of the entire wharf to the plaintiff to the exclusion of all others. We think it permitted a lease of part of the wharf with the right to exclude a competitor from the rest of it. Many of the grants held valid in the cases hereinbefore cited were necessarily exclusive of the grant of similar rights to others, and indeed it might often happen that a desired public service could be obtained only in that way.

Since the lease to the plaintiff was valid, including the exclusive feature, the defendants were properly enjoined from acting under the new lease until the expiration of the plaintiff's lease.

*Decree affirmed with costs of appeal.*