Thomas F. Quinn & others *vs.* School Committee of Plymouth.

Plymouth. February 8, 1955. — March 29, 1955.

Present: Qua, C.J., Lummus, Ronan, Wilkins, & Counihan, JJ.

*School and School Committee. Mandamus. Constitutional Law,* Who may question constitutionality. *Public Officer.*

St. 1950, c. 400, amending G. L. (Ter. Ed.) c. 76, § 1, as appearing in St. 1939, c. 461, § 3, makes transportation available to children of a town attending approved private schools to the same extent as the school committee of the town within its statutory powers and in its discretion makes transportation available to children of the town attending public schools. [412]

Mandamus lay to compel a school committee to furnish transportation to children of the petitioners to and from certain approved private schools to the same extent as transportation was provided to pupils in the public schools; G. L. (Ter. Ed.) c. 71, § 68, as appearing in St. 1934, c. 97, § 1, was inapplicable and did not furnish the petitioners a remedy in the circumstances. [413]

A school committee had no standing to question the constitutionality of St. 1950, c. 400, amending G. L. (Ter. Ed.) c. 76, § 1, as appearing in St. 1939, c. 461, § 3, in a mandamus proceeding to compel the committee to provide transportation to private school children in accordance therewith. [413]

Petition, filed in the Supreme Judicial Court for the county of Plymouth on April 16, 1954.

The case was heard by *Williams,* J.

*Thomas F. Quinn,* for the petitioners.

*Sumner H. Babcock,* (*Hugh R. Maraghy, Francis S. Moulton, Jr.,* & *Philip S. Cronin* with him,) for the respondents.

Wilkins, J. This petition for a writ of mandamus was heard by a single justice and reserved and reported without decision upon the petition, the answer, and a case stated.

The five petitioners, residents of the town of Plymouth, are parents of children between the ages of seven and sixteen. Their children attend grades I through VI in the

Sacred Heart School in Plymouth or the Sacred Heart School in Kingston, about one hundred yards from the boundary between Plymouth and Kingston. These are private schools teaching denominational doctrine, including religious instruction, are conducted by a religious denomination or society, and are more than one mile distant from the homes of the children. The school in Plymouth is in the business center, and the pupils are in grades I and II. The school in Kingston is more than four miles from the Plymouth business center, and the pupils are in grades III through VI. The prayer of the petition is that the school committee be ordered to provide transportation "whenever said children meet the criteria of distance as established from time to time by the respondents for all the school children of Plymouth."

The committee provides transportation for public school children attending grades I through VI if the distance between the homes and the schools is in excess of one mile, and for those attending grades VII through XII if the distance is in excess of one and one quarter miles. The committee has refused to provide transportation for the children of the petitioners for the reasons that no transportation is furnished for any pupils to any private schools whether within or without the town of Plymouth, and that transportation is furnished to pupils attending public schools outside the town only to the State aided vocational school in Weymouth, pursuant to G. L. (Ter. Ed.) c. 74, § 7 as amended, § 8A as appearing in St. 1950, c. 622, and in the case of four elementary school pupils living twenty or more miles from the center of Plymouth to a school in Bourne. See G. L. (Ter. Ed.) c. 71, § 68, as appearing in St. 1934, c. 97, § 1.

The petitioners rely upon G. L. (Ter. Ed.) c. 76, § 1, as appearing in St. 1939, c. 461, § 3, and as most recently amended by St. 1950, c. 400, which provides in part: "Pupils who, in the fulfillment of the compulsory attendance requirements of this section, attend private schools of elementary and high school grades so approved shall be en-

titled to the same rights and privileges as to transportation to and from school as are provided by law for pupils of public schools and shall not be denied such transportation because their attendance is in a school which is conducted under religious auspices or includes religious instruction in its curriculum."

1. The committee contends that "the same rights and privileges as to transportation to and from school as are provided by law for pupils of public schools" mean those rights and privileges which are conferred by the statutes of the Commonwealth, and that those rights and privileges are confined to a right in certain circumstances to appeal to the State department of education under G. L. (Ter. Ed.) c. 71, § 68, as appearing in St. 1934, c. 97, § 1.[1] We cannot accept this contention. To do so would render the amendment of G. L. (Ter. Ed.) c. 76, § 1, by St. 1950, c. 400, virtually meaningless. We think that by its enactment the Legislature intended to make available to children in private schools transportation to the same extent as a school committee within its statutory powers should make transportation available to children in public schools. See G. L. (Ter. Ed.) c. 40, § 4, as amended by St. 1932, c. 271, § 6.[2] The question is not what the committee can be made to do. The requirement imposed is that there be no discrimination against private school children in what the committee in its discretion decides to do.

[1] "Every town shall provide and maintain a sufficient number of schoolhouses, properly furnished and conveniently situated for the accommodation of all children therein entitled to attend the public schools. If the distance between a child's residence and the school he is entitled to attend exceeds two miles and the nearest school bus stop is more than one mile from such residence and the school committee declines to furnish transportation, the department, upon appeal of the parent or guardian of the child, may require the town to furnish the same for a part or for all of the distance between such residence and the school. If said distance exceeds three miles, and the distance between the child's residence and a school in an adjoining town giving substantially equivalent instruction is less than three miles, and the school committee declines to pay for tuition in such nearer school, and for transportation in case the distance thereto exceeds two miles, the department, upon like appeal, may require the town of residence to pay for tuition in, and if necessary provide for transportation for a part or for the whole of said distance to, such nearer school."

[2] Subsequent amendments are not material.

If there be any inconsistency, which we do not intimate, between the amendment of G. L. (Ter. Ed.) c. 76, § 1, by St. 1950, c. 400, and the earlier amendment of c. 76, § 1, by St. 1941, c. 423,[3] the earlier amendment must give way.

2. The petitioners are not barred from resort to mandamus because of the existence of another adequate remedy. See *Rines* v. *Justices of the Superior Court*, 330 Mass. 368, 371. We are aware of no such other remedy. We are referred only to G. L. (Ter. Ed.) c. 71, § 68, as appearing in St. 1934, c. 97, § 1. That statute has no present application. It gives a parent or guardian of a child a right of appeal to the department of education in case the school committee refuses to furnish transportation in certain circumstances when the child's residence is more than two miles or more than three miles from "the school he is entitled to attend."

It is not argued that the petitioners are not proper parties petitioner if the petition lies. They are "private parties who are legitimately concerned in the performance by public officers of a public duty." *Cape Cod Steamship Co.* v. *Selectmen of Provincetown*, 295 Mass. 65, 69. *Parrotta* v. *Hederson*, 315 Mass. 416, 418. *Sunderland* v. *Building Inspector of North Andover*, 328 Mass. 638, 640.

3. The committee in this proceeding cannot question the constitutionality of St. 1950, c. 400. No personal or property rights of the committee are involved. *Assessors of Haverhill* v. *New England Telephone & Telegraph Co., ante,* 357, 362.

4. From what we have said, we think it should be clear what the committee must do to comply with St. 1950, c. 400, in relation to pupils in grades I and II in the school in Plymouth.

With respect to the pupils in grades III through VI in the school in Kingston, we think that the committee's duty under St. 1950, c. 400, is dependent upon what the com-

---

[3] "Absences may also be permitted for religious education at such times as the school committee may establish; provided, that no public funds shall be appropriated or expended for such education or for transportation incidental thereto; and provided, further, that such time shall be no more than one hour each week."

mittee does for the elementary school pupils transported to the school in Bourne. We are of opinion that the transportation of pupils to the State aided vocational school in Weymouth is not comparable and does not control the committee's action.

A peremptory writ of mandamus is to issue commanding the committee (1) to provide transportation to the Sacred Heart School in Plymouth for pupils in grades I and II to the extent that transportation is provided by the committee for pupils in grades I and II in the public schools in Plymouth; and (2) to provide transportation to the Sacred Heart School in Kingston for pupils in grades III through VI to the extent that transportation is provided by the committee for elementary school pupils in the public school in Bourne.

*So ordered.*