ROBERT GARON & others[1] *vs.* DUDLEY-CHARLTON
REGIONAL SCHOOL COMMITTEE & another.[2]

No. 92-P-1703.

Worcester. December 20, 1993. - May 25, 1994.

Present: ARMSTRONG, SMITH, & PORADA, JJ.

*School and School Committee*, Transportation of students. *Education*,
Transportation. *Statute*, Construction.

Discussion of the amendments to G. L. c. 76, § 1, effected by St. 1950, c.
400, St. 1971, c. 875, and St. 1983, c. 663, and cases thereunder, with
respect to a school committee's obligation to provide transportation for
children attending private school. [547-550]

Nothing in the provisions of G. L. c. 76, § 1, as amended by St. 1983, c.
663, required a regional school committee to provide transportation to
students living within its district and attending private schools outside
its district where the school committee did not provide such transporta-
tion to students attending public schools outside its district. [550-552]

Nothing in the provisions of G. L. c. 76, § 1, as amended by St. 1983, c.
663, required a regional vocational school committee to provide trans-
portation to students living within its district and attending private
schools within its district where none of the private school students were
enrolled in a vocational curriculum. [550-552]

CIVIL ACTION commenced in the Superior Court Depart-
ment on September 24, 1991.

Motions for summary judgment were heard by *Herbert F.
Travers, Jr.*, J., and *James P. Donohue*, J., respectively.

*Francis B. Fennessey* for the plaintiffs.

*James F. Cosgrove* for Dudley-Charlton Regional School
Committee.

*Frank C. Morgan* for Southern Worcester County Re-
gional Vocational School Committee.

---

[1]Regina Fish, Elise A. Wilson, Christine Kelly, Susan T. Porter,
William T. Porter, Bernard Tobin, and Maureen Horan.

[2]Southern Worcester County Regional Vocational School Committee.

SMITH, J. The plaintiffs' children attend private schools outside the Dudley-Charlton Regional School District but within the Southern Worcester County Regional Vocational School District, and the respective school committees refused to provide them with transportation to their schools. The plaintiffs brought an action in the Superior Court against the defendants, the Dudley-Charlton Regional School Committee and the Southern Worcester County Regional Vocational School Committee, seeking (1) process compelling the Dudley-Charlton Regional School Committee to provide transportation for their children to approved private schools located outside of the Dudley-Charlton Regional School District and (2) a declaratory judgment that either the Dudley-Charlton Regional School Committee or the Southern Worcester County Regional Vocational School Committee or both are obligated under G. L. c. 76, § 1, as amended through St. 1983, c. 663, to provide the plaintiffs' children with transportation to the private schools that they attend.

After the defendants filed their answers to the plaintiffs' complaints, all the parties filed motions for summary judgment. After a hearing on the motions, a Superior Court judge denied the plaintiffs' motions and granted summary judgment in favor of the defendants. The judge ruled that, pursuant to G. L. c. 76, § 1, (1) the Dudley-Charlton Regional School Committee was not required to transport the plaintiffs' children to private schools located outside its district because the undisputed evidence established that it did not transport any children to public schools outside of its district and (2) the Southern Worcester County Regional Vocational School Committee was not required to transport the plaintiffs' children within its district because there was no evidence that the children were eligible to attend the Worcester Vocational School and that the private schools that the children attended offered a curriculum comparable to the Worcester Vocational School's curriculum. The plaintiffs appealed. We affirm the judgments.

The undisputed facts are as follows. The Dudley-Charlton Regional School District is composed solely of the member

towns of Dudley and Charlton. The plaintiffs' children reside either in Charlton or in Dudley. They attend regular day programs at private schools located in Southbridge and Webster, towns that are outside the Dudley-Charlton Regional School District but within the Southern Worcester Regional Vocational School District. Prior to the 1991-1992 school year, the Dudley-Charlton Regional School Committee provided transportation for the plaintiffs' children to private schools located outside its district. It voted, however, not to provide such transportation during the 1991-1992 school year. Moreover, the Dudley-Charlton Regional School Committee in 1991-1992 did not provide any transportation to any student attending a regular day program at a public school outside the Dudley-Charlton Regional School District.

The Southern Worcester County Regional Vocational School District was established to provide vocational training only, not general education. The towns of Auburn, Charlton, Dudley, Oxford, Southbridge, and Webster are included in the Southern Worcester County Regional Vocational School District. The Southern Worcester County Regional Vocational School Committee provides transportation only to the Worcester Vocational School; it has never provided transportation to regular day students attending any other public or private schools within or without its district. Although the private schools that the plaintiffs' children attend are within the Southern Worcester County Regional Vocational School District lines, they do not provide vocational education, and the plaintiffs are not seeking transportation to private schools offering such education.

On appeal, the plaintiffs rely on the second paragraph of G. L. c. 76, § 1, in support of their argument that the defendants are required to provide transportation for their children to attend private schools. A short history of that paragraph is in order before we turn to the plaintiffs' interpretation of the statute.

In 1950, the Legislature added a second paragraph to G. L. c. 76, § 1. St. 1950, c. 400. That paragraph consisted of a single sentence, the relevant words of which provided

that private school students "shall be entitled to the same rights and privileges as to transportation to and from school" as public school students. In *Quinn* v. *School Comm. of Plymouth*, 332 Mass. 410 (1955), the court was called upon for the first time to construe that language. In *Quinn*, the school committee provided transportation for resident students who attended public schools located in Plymouth and also public schools located outside Plymouth but refused to provide transportation to students who attended private schools regardless of where they were located. The court ruled that by its enactment of the second paragraph to G. L. c. 76, § 1, "the Legislature intended to make available to children in private schools transportation to the same extent as a school committee within its statutory powers should make transportation available to children in public schools. The question is not what the committee can be made to do. The requirement imposed is that there be no discrimination against private school children in what the committee in its discretion decides to do." (Citation omitted.) *Id.* at 412. Based on its holding, the court ordered the school committee to provide transportation for students who attend private schools within Plymouth and outside Plymouth to the extent that transportation is provided for comparable programs in public schools outside Plymouth.

In *Murphy* v. *School Comm. of Brimfield*, 378 Mass. 31 (1979), the court was again required to interpret the second paragraph of G. L. c. 76, § 1, as amended through St. 1971, c. 875, this time in a different factual setting from *Quinn*. In *Murphy*, the court heard the appeals of three school committees from decisions of Superior Court judges who had ordered the school committees to provide transportation for students attending private schools located outside their various districts. The school committees provided transportation to students attending public schools within the various districts, but none of the school committees provided transportation to students attending public schools outside of the districts. The plaintiffs, in advocating transportation of their children, argued that the second paragraph of G. L. c. 76,

§ 1, required a school committee to furnish transportation to private schools outside of the district if the school committee furnished transportation to public schools within the district. In each instance, the various Superior Court judges had agreed with that interpretation.

The court did not agree with the Superior Court judges' interpretation of the statute. It held that in enacting the second paragraph of G. L. c. 76, § 1, "the Legislature intended that the intradistrict obligations of towns and their school committees [be] separate and distinct from their extra district obligations." *Id.* at 38. In reaching that holding, the court interpreted its decision in *Quinn* v. *School Comm. of Plymouth, supra,* to mean that "private school students are entitled to receive transportation to schools located outside their district of residence only if, and to the extent that, public school students enrolled in comparable programs receive transportation to schools located outside their district of residence." *Id.* at 37. Because no public school students enrolled in comparable programs received transportation to schools located outside their district of residence, the court concluded that the various school committees did not have any statutory obligation to provide transportation for students to private schools located outside the various districts.

In *Attorney Gen.* v. *School Comm. of Essex*, 387 Mass. 326, 337 (1982), the court was faced with a challenge to the constitutionality of G. L. c. 76, § 1, in particular, the second paragraph, as amended through St. 1971, c. 875. In ruling that the statute was constitutional, the court, among other things, discussed the interplay between G. L. c. 71, § 68, and G. L. c. 76, § 1, noting that G. L. c. 71, § 68, which provided that "school transportation is mandatory when the distance between a child's residence and the school he is entitled to attend exceeds two miles, applies 'equally to public and private school students.' " *Id.* at 336, quoting from *Murphy* v. *School Comm. of Brimfield, supra* at 36 n.6. However, the court rejected any interpretation of the statutes that would suggest that the Legislature intended "that private school students should be so transported wherever they

choose." *Attorney Gen.* v. *Essex, supra* at 337. Rather, the court read "G. L. c. 71, § 68, in conjunction with G. L. c. 76, § 1, to mean that if the distance between a private school student's residence and the public school he is entitled to attend exceeds two miles, such child is to be afforded transportation to his private school up to the distance from his residence to the public school he is entitled to attend." *Id.* at 337. Therefore, in *Essex,* the court placed a limit on the distance that school committees were required to transport private school students, regardless of whether the private school was inside or outside the district.

The 1983 amendment to G. L. c. 76, § 1 (St. 1983, c. 663), "followed on the heels of the [*Essex*] decision." *Lexington* v. *Commissioner of Educ.,* 393 Mass. 693, 696 (1985). The relevant part (the second paragraph of § 1) reads as follows:

"Except as herein provided, pupils who attend approved private schools of elementary and high school grades shall be entitled to the same rights and privileges as to transportation to and from school as are provided by law for pupils of public schools and shall not be denied such transportation because their attendance is in a school which is conducted under religious auspices or includes religious instruction in its curriculum. Each school committee shall provide transportation for any pupil attending such an approved private school within the boundaries of the school district, provided, however, that the distance between said pupil's residence and the private school said pupil attends exceeds two miles or such other minimum distance as may be established by the school committee for transportation of public school students. Any school committee which is required by law to transport any pupil attending an approved private school beyond the boundaries of the school district shall not be required to do so further than the distance from the residence of such pupil to the public school he is entitled to attend."

We now turn to our analysis of the plaintiffs' argument that the amendment substantially changes the obligations of school committees to provide transportation to private school

students outside their districts. According to the plaintiffs, the amended statute uses distance, as opposed to the district boundaries imposed by the court in *Quinn* and *Murphy*, to determine the extent of transportation that school committees must provide to private school students. Ignoring the second sentence of the second paragraph, the plaintiffs focus instead on the third sentence: "Any school committee which is required by law to transport any pupil attending an approved private school beyond the boundaries of the school district shall not be required to do so further than the distance from the residence of such pupil to the public school he is entitled to attend." The plaintiffs interpret the third sentence to mean that school committees are obligated to provide transportation to all students who attend private schools outside the boundaries of the school district in which they reside, provided that the distance to the private school is no further than the distance to the public school that they are entitled to attend. Because four of the plaintiffs' children attend private schools that are located outside the Dudley-Charleton Regional School District and that are more than two miles from each child's home but closer than the distance to the public schools that the children are entitled to attend, the plaintiffs argue that the amended statute requires the Dudley-Charlton Regional School Committee to provide transportation. We disagree.

The first sentence of the amended paragraph retains the words "same rights and privileges" found in the 1950 amendment and interpreted in the *Quinn* and *Murphy* decisions. This general language concerning the statute's purpose is "qualified by the more specific language in the second sentence . . . which unambiguously provides that a school committee's obligation to transport private school students extends only to the transportation of students who are attending an approved private school 'within the boundaries of the school district.' " *Fedele* v. *School Comm. of Westwood*, 412 Mass. 110, 114 (1992).

The language of the third sentence, the focus of the plaintiffs' argument, does not give support to their argument. The

phrase "required by law" means that a school committee is not obligated in all instances to provide transportation to students attending private schools outside the district but must furnish such transportation only when it is "required by law." That phrase undoubtedly relates back to the words "same rights and privileges" in the first sentence of the second paragraph in the amended statute. Nothing in the amended statute changes the interpretation of those words, found in the *Quinn* and *Murphy* decisions. In addition, the phrase "required by law" refers to the explicit, mandatory transportation requirements of other statutes such as G. L. c. 76, § 6, and G. L. c. 71, § 68. See *Murphy* v. *School Comm. of Brimfield*, 378 Mass. at 36 n.6. We interpret G. L. c. 76, § 1, as amended by St. 1983, c. 663, to mean that if a school committee provides transportation of students to public schools outside the district, it must provide transportation of students enrolled in comparable programs outside the district. Because the Dudley-Charlton Regional School Committee does not provide transportation to students attending public schools outside the district, it is not required to provide transportation to the plaintiffs' children.

The Southern Worcester County Regional Vocational School Committee provides transportation within its district but only to its vocational school. Although the plaintiffs' children reside in that district and attend private schools located within the district, none of the children are enrolled in private schools that have a vocational curriculum. Without comparable programs, the schools attended by the plaintiffs' children are not "approved private schools." Accordingly, the Southern Worcester County Regional Vocational School Committee is not required to provide transportation to the plaintiffs' children because the plaintiffs' children are not enrolled in a comparable program in an "approved private school," as is required by G. L. c. 76, § 1.

*Judgments affirmed.*